IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Roshune Lemarr Carelock, | Case No.: 5:20-1635-JD |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Jeff Johnson; Lynnette Patton; William Barnes; Tracy Black; Raheem Hammett; Robin Flemming; Natalie Gamble; Josie Royal; Andrea Capers; Kimberly Scott; Christopher Neal; Matthew Metusiewica; Emmanuel Sipp; Carl Majors; Ronnie Fuller; Jessie Johnson; Carlos McMillan; B. Young; Jevelton Gee; Shebieve Crosland; Jeffrey Palmer; De'Angelo Fludd; Jason Miles; Charles McElveen; Tyrell Smith; Kristopher Crawford; Jordan Rhodes; Mark Altman; Hope Hatchell; Eric McDaniels; James Floyd; Tiffany Jones; Felicia Wilson; Joey Johnson; Heather Lee; Sharon Davis; Ms. Piccone; Jeff Paul; Ms. Falvo; Wayne Owens; Ashley Anderson; Knowledge Wray; Santana Jennings; Jameel Henry; Jay Watson; Shiridrina Nelson; Lamon Hicks; Jacqueline Ingram; and Jessie Batista, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Kaymani D. West ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Roshune

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Lemarr Carelock ("Carelock" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Heather Lee ("Lee") and Jeff Paul ("Paul" collectively "Defendants") filed a Motion to Dismiss for Failure to State a Claim on September 17, 2020. (DE 87.) On September 21, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 88.) Upon receiving two extensions of time in which to respond to Defendants' Motion to Dismiss, Carelock filed his Response in Opposition on December 9, 2020. (DE 165.) On December 17, 2020, Defendants filed a Reply to Carelock's Response. (DE 171.)

The Report and Recommendation recommended the Defendants' Motion to Dismiss be granted. (DE 213.) The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim is granted.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 14, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3