IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Roshune Lemarr Carelock, | ) | Case No.: 5:20-1635-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Jeff Johnson; Lynnette Patton; William | ) | |
| Barnes; Raheem Hammett; Robin | ) | |
| Flemming; Josie Royal; Andrea Capers; | ) | |
| Kimberly Scott; Christopher Neal; Matthew | ) | |
| Metusiewicz; Emmanuel Sipp; Carl Majors; | ) | |
| Ronnie Fuller; Jessie Johnson; Carlos | ) | |
| McMillian; B. Young; Jevelton Gee; | ) | |
| Shebieve Crosland; Jeffrey Palmer; | ) | |
| De'Angelo Fludd; Jason Miles; Kristopher | ) | |
| Crawford; Jordan Rhodes ("Rhodes"); Hope | ) | |
| Hatchell; Eric McDaniels; Tiffany Jones; | ) | |
| Felicia Wilson; Joey Johnson; Sharon Davis; | ) | |
| Ms. Piccone; Ms. Falvo; Santana Jennings; | ) | |
| Jameel Henry; Jay Watson; Lamon Hicks; | ) | |
| Tyrell Smith; Wayne Owens; and Jaqueline | ) | |
| Ingram, | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Roshune Lemarr Carelock ("Plaintiff" or "Carelock"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

his constitutional rights while he was a pretrial detainee at the Florence County Detention Center ("FCDC"). (DE 272, p. 1.) The above-named defendants (collectively "Defendants") have filed a Motion for Summary Judgment contending *inter alia* Plaintiff's claims are barred by Res Judicata, Plaintiff has not set forth specific allegations that Defendants have violated Plaintiff's constitutional rights, and Plaintiff fails to state a valid cause of action for deliberate indifference to medical needs. (DE 272, pp. 5, 8, 12.) For the reasons set forth herein, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment.

## BACKGROUND

A full recitation of allegations is set forth in the Report, which the Court adopts. However, given the objections raised by Plaintiff and for the sake of brevity, the following summary of facts, viewed in the light most favorable to Plaintiff, is sufficient for the matters addressed herein.

Plaintiff alleges the following. During the dates of May 22, May 29, and October 5, 2019, he was *inter alia* physically restrained, tased, handcuffed, and placed in a restraint chair. (DE 272, pp. 2-3.) The May 22nd altercation occurred because Plaintiff refused to turn over a pencil and be handcuffed. (DE 272, p. 2.) As a result, Plaintiff requested medical care, which was provided two days later. The May 29th altercation occurred because Plaintiff refused to exit the shower, be handcuffed and remove his jumpsuit. As a result, Plaintiff asked for medical attention, but when he refused to put on a suicide gown, his request was denied. (DE 272, p. 3.) Plaintiff was examined by Dr. Crawford a week later. However, during this time he contracted a staph infection due to his cell conditions. After the October 5th altercation, Plaintiff received medical treatment but was left in a restraint chair overnight after he refused an officer's efforts to remove him from the chair. (DE 272, p. 3.) Additionally, during October 2019, Plaintiff alleges he injured his back and

2

received medical treatment; however, he was denied a wheelchair and mattress.[2]  Additionally, he was denied other products, such as fragrance-free soap as he had an allergy to state issued soap, medication for his glaucoma, and disinfectants, gloves, and a mask during the Covid-19 pandemic.

Plaintiff alleges Hope Hatchell ("Hatchell") retaliated against him for filing a lawsuit against her when she accused him of refusing to pick up medication he threw on the floor.  Based on Hatchell's claims, he was sent to maximum segregation unit ("MSU") and locked up.  (DE 272, p. 3.)  However, when he returned to general population in April 2020, he was involved in another altercation with several inmates, including inmate Sparks ("Sparks") and inmate Swift ("Swift") after they threatened and spit on him.  Plaintiff alleges that both Tyrell Smith ("Smith") and Santana Jennings ("Jennings"), witnessed the threats; however, Smith let Sparks and Swift out of their cell prior to the altercation.  Finally, Plaintiff alleges Defendants violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") when they reviewed his medical records after he informed his medical provider that he did not consent to the disclosure of these records to FCDC.  (DE 272, p. 5.)

## DISCUSSION

Although Plaintiff has filed an objection to the Report (DE 279), to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver

---

[2]    The Report found that nurse Jordan Sauls' affidavit and Plaintiff's medical records establish Plaintiff was seen by FCDC medical staff and outside medical providers on seventeen occasions for complaints of back pain and glaucoma complications, from October 8, 2019 to January 12, 2021.  The care provided included medical evaluations and assessments, prescription and over-the-counter medications, hospital admissions, x-rays and CT scans.  (DE 272, p. 12.)

3

rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections" to the Report, which the Court will discuss *seriatim*. First, Plaintiff contends the Report did not address all the claims in his Complaint. (DE 279, p. 2.) To that end, Plaintiff relists the claims he contends have not been addressed. This objection is nonspecific because it does not address an issue raised on summary judgment or ruled on by the Magistrate. Furthermore, Plaintiff was advised via a Roseboro Order of the dismissal/summary judgment procedures and the possible consequences if Plaintiff fails to respond adequately to Defendants' motion, which does not include addressing all of Plaintiff's claims if they are subject to dismissal. (DE 208;) see also Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants). Therefore, the Court overrules this objection.

Second, Plaintiff objects to the Report by contending it misapplied the doctrine of Res Judicata because the factors do not apply. (DE 279, pp. 4-5.) Plaintiff's only basis for this claim is that it "would tend to deprive many of plaintiff's claims for consideration, to be reviewed by the

4

Court." (DE 279, p. 4.) The Court finds that the Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report and correctly concluded that:

> Plaintiff raises identical claims in his prior legal action concerning the delay and denial of medical treatment for his glaucoma condition, his placement in MSU, denial of access to legal materials, and his conditions of confinement, i.e. cold temperatures, strip searches, cell conditions, denial of recreation, phone calls, mattress, and showers. Compare Compl. in C/A No.: 19-116-JMC-KDW with instant Compl. In fact, Plaintiff repeatedly states in the instant complaint that he is reincorporating by reference all facts and grounds stated in his previous civil action. The undersigned also finds the parties are the same in regard to these claims. Plaintiff makes allegations against Eric McDaniels, Hatchell, Lynette Patton, Dr. Crawford, Rhodes, Jeff Johnson, and Sharon Davis, who are Defendants in both actions, in support of these claims.

(DE 272, p. 7.) Plaintiff has not offered any new arguments to refute this finding. Accordingly, the Court overrules this objection without further discussion.

Third, Plaintiff objects to the Report's recommendation that Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to William Barnes, Josie Royal, Jessie Johnson, Shebieve Crossland, Jeffrey Palmer, De'Angelo Fludd, Tiffany Jones, Joey Johnson, Ms. Piccone, Ms. Falvo, Lamon Hicks, Wayne Owens, and Jaqueline Ingram. (DE 279, p. 6.) Plaintiff's objection is predicated on the fact that he believes the aforementioned defendants "were either responsible for creating, authorizing, or enforcement of a 'unwritten policy/custom' . . . or acted with 'deliberate-indifference' to actions toward the plaintiff . . . ." (DE 279, p. 6.) This objection fails to address the heart of the Report's recommendation, which are factual deficiencies in Plaintiff's complaint regarding the above-referenced defendants, rather than deficiencies in Plaintiff's arguments generally. The Court finds that the Report sufficiently addresses the issues raised by Plaintiff; and therefore, the Court overrules this objection without further explanation.[3]

---

[3]     Plaintiff in both his response to the Motion for Summary Judgment (DE 265) and his Objections, contends that an audio and video recording of *inter alia* the May and October altercations and Plaintiff's disciplinary hearings in April 2021, will support his claims. The Report notes Plaintiff served Defendants

Fourth, Plaintiff objects to the Report's finding that Defendants did not act with deliberate indifference to Plaintiff's medical needs. (DE 279, p. 9.) Plaintiff contends *inter alia* that his level of medical care was inadequate and shocked the conscience because nurse Rhodes was incompetent and there was a lack of adequate medical equipment.[4] (DE 279, pp. 13-18.) The record indicates that Plaintiff received medical care throughout the timeline in his Complaint. Specifically, the Report found that Plaintiff was seen by FCDC medical staff and outside medical providers on seventeen occasions. (DE 272, p. 12.) A disagreement about the proper treatment for a medical condition does not in and of itself state a constitutional violation. See Brown v. Thompson, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff has not forecasted any evidence to show that the seventeen instances of medical care show connotational violation of his rights. Accordingly, the Court overrules this objection.

Fifth, Plaintiff objects to the Report contending it erred in finding that Defendants' use of force during the May and October altercations was objectively reasonable. (DE 279, p. 29.) Specifically, Plaintiff contends *inter alia* that the Report improperly did not consider his unsworn statement in response to Defendants' Motion for Summary Judgement while it did consider Defendants' affidavits and reports. (DE 279, p. 29.) To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was

---

with Requests for Production of the videos and Defendants gave Plaintiff an opportunity to view all the videos that were located; however, the videos have not been produced for the Court's review. (DE 272, p. 18.)

[4] Plaintiff also attempts to assert that his medical care was inadequate because of a letter he received from Dr. Kocher. (DE 279, p. 18.) However, Dr. Kocher explained that his letter contained only general information because he did not review Plaintiff's medical records or examine Plaintiff. (DE 272, p. 11.)

objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). This objection was addressed in the Report, and is, therefore, overruled.[5]

Sixth, Plaintiff contends that the Report erred by finding that Plaintiff's allegations did not rise to the level to state a claim for a constitutional violation for failure to protect. Specifically, Plaintiff contends that Smith and Jennings were aware of the risks to Plaintiff posed by the other inmates, but Smith forgot and still let Swift and Sparks out of their cell allowing them to confront and eventually fight with Plaintiff. Additionally, Plaintiff references an audio and video recording that will support his case. (DE 279, pp. 34-6.) However, the Report notes that both the audio and video report have not been produced for the Court to review. See n. 3., supra. Additionally, the Report found *inter alia* that Smith broke up the fight between Plaintiff and the other inmates when she became aware of the altercation. (DE 272, pp. 25-26.) The issues raised in this objection have already been addressed in the Report. Additionally, Plaintiff has failed to forecast any evidence showing that Defendants acted with a deliberate indifference to his health. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (To prevail on a claim of failure to protect from violence, a pretrial detainee must demonstrate (1) that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the "prison official [has] a sufficiently culpable state of mind," which amounts to "deliberate indifference" to the detainee's health or safety.). Accordingly, the Court overrules this objection.

Seventh, Plaintiff objects to the Report contending that it erred by finding that Plaintiff failed to allege sufficient facts to state a denial of access to courts claim. (DE 279, p. 38.) This

---

[5] The Report notes that Plaintiff's response in opposition to Defendants' summary judgment motion is an unsworn document, and therefore, standalone statements in that document were not considered when evaluating Defendants' Motion for Summary Judgement. See Solis v. Prince George's County, 153 F. Supp. 2d 793, 798 (D. Md. 2001) (noting "[u]nsworn statements do not qualify as affidavits and are not considered by the Court when ruling on a motion for summary judgment.").

objection was addressed in the Report, and Plaintiff has failed to show how his ability to file an 81-page complaint, a 74-page supplemental pleading, a 72-page response in opposition to summary judgement, with 490 pages of supporting documents, and the present 39-page objection to the Report indicates that Defendants impaired his ability to prosecute his claims or caused him to suffer an actual injury. (DE 272, p. 31.) See Lewis v. Casey, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). Accordingly, the Court overrules this objection.[6]

Lastly, Plaintiff objects to the Report's finding that Plaintiff failed to set forth any evidence beyond his own speculation that Defendants retaliated against him after he filed an earlier lawsuit. (DE 279, p. 38.) Instead of making any arguments in his objection, Plaintiff states that he "realleges and incorporates by reference all claims in his complaint" and cites cases without any explanation. Importantly, Plaintiff again fails to sufficiently show that a but-for causal relationship existed between the protected activity and the retaliatory act, as required in a § 1983 retaliation claim. See Raub v. Campbell, 785 F.3d 876, 885 (4th Cir. 2015). Accordingly, the Court overrules this objection.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 272) and incorporates it herein, and grants Defendants' Motion for Summary Judgement.

---

[6] Plaintiff also objects to the Report's dismissal of his HIPPA and condition of confinement claim. However, he states that he did not have any research material to make an argument. (DE 279, p. 39.) Because no argument was made, the Court finds this objection to be unspecific and overrules it without further discussion.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgement (DE 207) is granted, and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 24, 2021

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.